IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | |
| CHRISTOPHER AUNDRE FAULKNER | 3-18CR-500-B |

# INFORMATION

The United States Attorney Charges:

## Introduction

At all times material to this Information:

1. Breitling Oil and Gas Corporation, ("Breitling") was an oil and gas exploration company established and co-owned by the defendant **Christopher Aundre Faulkner**. The defendant was the President and Chief Executive Officer.

2. In 2013, Faulkner transitioned Breitling into a public company through a reverse merger with an existing public company. The reverse merger created Breitling Energy Corporation ("BEC") with the defendant as the chairman of the board. At the same time of the reverse merger, the defendant moved Breitling's marketing functions to a new company named Crude Energy, LLC ("Crude"). In 2015, the defendant discontinued the operations of Crude and shifted the marketing efforts to Patriot Energy, Inc. ("Patriot").

3. At all times relevant to this Information, the defendant controlled and directed the activities and finances of the Breitling, Crude, and Patriot. From in or about

Information - Page 1

January 2011 through April 2016, Breitling, Crude, and Patriot offered and sold royalty interests and "units" of working interests in oil and gas prospects to investors throughout the United States. These royalty and working interests were undivided fractional interests in oil and gas rights and were therefore securities, as that term is defined under the securities laws of the United States

The Scheme and Artifice to Defraud

4. Beginning by at least 2011, and continuing through in or about April 2016, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant, knowingly and willfully, and with intent to defraud, (a) employed a scheme and artifice to defraud; (b) obtained money by means of untrue statements of material facts and the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and a course of business which operated as a fraud and deceit upon the investors. The defendant used and caused to be used the United States mail, commercial interstate carriers, and other instruments of transportation and communication in interstate commerce in employing the scheme and artifice to defraud.

Manner and Means

5. In furtherance of the scheme and artifice to defraud, Breitling, Crude, and Patriot offered to investors "units" of the working interest in a proposed well. The price of each unit was based on a proportional share of the reasonably estimated cost of drilling the well. It was represented to the investor that investment was fixed, that is, should the

actual costs of drilling the well exceed what was estimated, then the company would be responsible for the overage, not the investor. Alternatively, if the cost of drilling and completion was below what was estimated, then the company could retain these excess funds.

6.   In furtherance of the scheme and artifice to defraud, the defendant materially inflated the estimated costs to drill and complete the wells contained in the offering materials that were delivered to the investors by means of a commercial interstate carrier. This gross inflation resulted in large profits to the defendant's companies since there was no reasonable likelihood that the actual costs would reach the inflated estimate. Between 2011 and 2016, the defendant raised through his companies over $71 million from investors for working interests programs alone, and millions more for royalty interest programs.

7.   In furtherance of the scheme and artifice to defraud, the investors were provided a Geology Report prepared by what appeared to an independent geologist with an estimate of the future production from the well. In truth and fact, the geologist worked under the direction and control of the defendant and the estimated potential production was consistently overstated.

8.   In furtherance of the scheme and artifice to defraud, the offering materials informed the investor that only a specific number of working interest units in each well prospect would be offered and sold. In truth and fact, the defendant's companies routinely sold more units to investors than specified in the offering.

9. It was a further part of the scheme and artifice to defraud that the defendant through his companies represented to investors that their funds would be deposited into a segregated bank account and that all costs for the drilling and completion of the well would be paid from that account. In fact, the funds were transferred into other accounts and used for purposes other than the drilling and completion of the intended well.

10. It was further part of the aforesaid scheme and artifice to defraud that the defendant funneled millions of dollars in proceeds from the scheme and artifice to defraud through nominee companies in order to acquire personal assets such as chartered flights, international travel, professional concierge services, maintenance of multiple residences, and at least seven vehicles.

Count One
Securities Fraud, Aiding and Abetting
(15 U.S.C. §§ 77q(a) and 77x, 18 U.S.C. § 2)

1. The United States Attorney hereby adopts, realleges, and incorporates herein by reference all allegations set forth in paragraphs one through ten of this Information.

2. Beginning by at least 2011, and continuing through in or about April 2016, in the Northern District of Texas and elsewhere, defendant, **Christopher Aundre Faulkner**, aided and abetted by other persons known to the United States Attorney, knowingly, willfully, and with intent to defraud, in connection with the offer and sale of securities, to wit: fractionalized working interests in the oil-and-gas prospects, by the use of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly, (a) employed the aforesaid scheme and artifice to defraud; (b) obtained money by means of untrue statements of material facts and the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and a course of business which operated as a fraud and deceit upon the investors and purchasers.

In violation of 15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2.

<u>Count Two</u>
Engaging in Illegal Monetary Transactions
(18 U.S.C. §§ 1957 and 2)

1. The United States Attorney hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in paragraphs one through ten of this Information.

2. On or about July 11, 2014, in the Northern District of Texas, defendant, **Christopher Aundre Faulkner,** aided and abetted by other persons, for the purpose of executing and carrying on the aforesaid scheme and artifice, and attempting to do so, did knowingly engage in a monetary transaction, that is, a wire transfer to eCarlink for the purchase of a 2014 McLaren automobile in the amount of $267,500, by and through Compass Bank, a financial institution which was engaged in, or the activities of which affected interstate commerce, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity, that is, securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x, as alleged in Count One of this Information.

In violation of 18 U.S.C. §§ 1957 and 2.

n/a

## Count Three
Attempt to Evade and Defeat Tax
(Violation of 26 U.S.C. § 7201)

1. The United States Attorney hereby adopts, realleges, and incorporates by reference herein, the allegations set forth in paragraphs one through ten of this Information.

2. During the calendar year 2014, defendant, **Christopher Aundre Faulkner**, in the Dallas Division of the Northern District of Texas, had and received taxable income in the amount of more than $4,500,000 that upon said taxable income there was owing to the United States of America an income tax; that well-knowing and believing the foregoing facts, the defendant, on or about April 17, 2015, in the Northern District of Texas, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or about April 17, 2015, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all officers of the United States his true and correct income.

In violation of 26 U.S.C. § 7201.

Forfeiture Allegation
18 U.S.C. § 982(a)(1)

Upon conviction of the offense alleged in Count Two of this Information and pursuant to 18 U.S.C. § 982(a)(1), the defendant, **Christopher A. Faulkner,** shall forfeit to the United States of America all property involved in, or traceable to property involved in, the respective offense.

The above-referenced property subject to forfeiture concerning the previously-mentioned defendant includes, but is not limited to, the following:

1. Two large custom oil field paintings by Alec Monopoly;
2. 2014 Mercedes Benz AMG S63, VIN # WDDUG7JB2EA049763;
3. 2006 Bentley Continental, VIN # SCBBR53W96C037358;
4. 2012 Aston Martin Virage, VIN # SCFFDECNXCGG14069
5. 2014 Land Rover HSE, VIN # SALGS2WF6EA162015

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-referenced property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ Christopher Stokes
CHRISTOPHER STOKES
Assistant United States Attorney
Texas Bar No. 19267600
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Email: christopher.stokes@usdoj.gov