IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| CHRISTOPHER AUNDRE FAULKNER | 3-18CR-500-B |

## FACTUAL RESUME

In support of Christopher Aundre Faulkner's plea of guilty to the offenses in the Information, Faulkner, the defendant, Brian D. Poe, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2, that is, securities fraud and aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.* That in the offering or sale of the securities described in the Information (fractional undivided interests in oil and gas rights), the defendant did any one or more of the following:
>
> (1) employed a device, scheme or artifice to defraud, or
>
> (2) obtained money or property by means of untrue statements of material facts or failure to state material facts that made what was said, under the circumstances, misleading, or
>
> (3) engaged in an act, practice or course of business that operated, or

---

[1] Modern Federal Jury Instructions (Criminal), ¶57, Vol. 3, Sand, Siffert, Laughlin & Reiss (1998).

Factual Resume—Page 1

would operate, as a fraud or deceit upon a purchaser;

*Second.* That the defendant acted knowingly, willfully and with the intent to defraud; and

*Third.* That the defendant used, or caused to be used, the mails, or any means or instruments of transportation or communication in interstate commerce, in furtherance of the scheme.

The elements of aiding and abetting, a violation of 18 U.S.C. § 2, are as follows:[3]

*First.* That the offense of Securities Fraud was committed by some person;

*Second.* That the defendant associated with the criminal venture;

*Third.* That the defendant purposefully participated in the criminal venture; and,

*Fourth.* That the defendant sought by action to make that venture successful.

To prove the offense alleged in Count Two of the Information, charging a violation of 18 U.S.C. §§ 1957 and 2, that is, engaging in illegal monetary transactions and aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:[4]

*First.* That the defendant knowingly engaged or attempted to engage in a monetary transaction;

*Second.* That the monetary transaction was of a value greater than $10,000;

*Third.* That the monetary transaction involved criminally derived property;

*Fourth.* That criminally derived property was derived from specified unlawful activity; and

---

[3] Fifth Circuit Pattern Jury Instruction 2.04 (5th Cir. 2015).
[4] Fifth Circuit Pattern Jury Instruction 2.77 (5th Cir. 2015).

*Fifth.* That the defendant knew that the monetary transaction involved criminally derived property.

To prove the offense alleged in Count Three of the Information, charging a violation of 18 U.S.C. § 7201, that is, tax evasion the government must prove each of the following elements beyond a reasonable doubt:

*First.* That there exists a substantial tax deficiency owed by the defendant to the Internal Revenue Service, as charged;

*Second.* That the defendant committed at least one affirmative act to evade or defeat assessment or payment of the income taxes owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and

*Third.* That the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.[5]

## STIPULATED FACTS

1. Between 2010 and 2016, the defendant, Christopher A. Faulkner established and controlled Breitling Oil and Gas Corporation, Crude Energy, LLC, and Patriot Energy, Inc. These oil and gas exploration companies offered and sold royalty interests and working interests in prospective wells to investors throughout the United States. The offering documents for the oil and gas prospects were delivered to prospective investors through means of interstate commerce, including United States mail and interstate commercial carrier. Between 2011 and 2016, the defendant's companies raised over $71 million from investors for working interests programs alone, and millions more for royalty interest programs. During this same period the defendant obtained

---

[5] Fifth Circuit Pattern Jury Instruction 2.101 (5th Cir. 2015).

Factual Resume—Page 3

approximately $23 million in commingled royalty and working investor funds for his own personal benefit.

2. The defendant admits and agrees that beginning by at least about 2011, and continuing through on or about April 2016, in the Northern District of Texas, aided and abetted by other persons, he knowingly and willfully, and with intent to defraud, in connection with the offer and sale of securities, to wit: fractionalized working interests in the oil-and-gas prospects, by the use of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly, (a) employed a scheme and artifice to defraud, (b) obtained money by means of untrue statements of material facts and the omission of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engaged in transactions, practices, and a course of business which operated as a fraud and deceit upon the investors and purchasers in violation of 15 U.S.C. §§ 77q(a) and 77x, and 18 U.S.C. § 2.

3. Investors purchased "units" of the working interest in a proposed well. The offering materials represented that the price of each unit was based on a proportional share of the reasonably estimated cost of drilling the well. In furtherance of the scheme and artifice to defraud, the defendant caused the offering materials to contain materially inflated estimates of the costs to drill and complete the wells. This material inflation resulted in a large amount of the investor funds becoming a direct profit to the defendant's companies since there was no reasonable likelihood that the actual costs would reach the inflated estimate.

4. Investors were provided a Geology Report in the offering materials. These reports appeared to be prepared by an independent geologist and contained an estimate of the future production from the well. In fact, the geologist worked under the direction and control of the defendant and the estimated potential production was consistently overstated.

5. The offering materials informed the investors that only a specific number of working interest units in each well prospect would be offered and sold. In fact, the defendant's companies routinely sold more units to investors than specified in the offering. The offering materials further represented to investors that their funds would be deposited into a segregated bank account and that all costs for the drilling and completion of the well would be paid from that account. In fact, the funds were transferred into other accounts and used for purposes other than the drilling and completion of the intended well.

6. During the operation of his companies the defendant obtained proceeds of the scheme to defraud by causing the companies to transfer millions of investor funds to bank accounts the defendant had established in the name of nominee companies. These account names included Grand Mesa Investments Inc., Advertising Management Inc., Range Quest Resources, Inc., and Excel Management Corporation. The defendant used some of the funds for chartered flights, international travel, professional concierge services, maintenance of multiple residences, and at least seven vehicles. Among the items acquired by the defendant were:

   1. Two large custom oil field paintings by Alec Monopoly;

2. 2014 Mercedes Benz AMG S63, VIN # WDDUG7JB2EA049763;

3. 2006 Bentley Continental, VIN # SCBBR53W96C037358;

4. 2012 Aston Martin Virage, VIN # SCFFDECNXCGG14069

5. 2014 Land Rover HSE, VIN # SALGS2WF6EA162015.

These items were acquired by the defendant engaging in a monetary transaction of a value in excess of $10,000 involving criminal proceeds from the offense of securities fraud.

7. The defendant, Christopher A. Faulkner, further admits and agrees that on or about July 11, 2014, in the Northern District of Texas, aided and abetted by other persons, for the purpose of executing and carrying on a scheme and artifice to defraud, and attempting to do so, did knowingly engage in a monetary transaction, that is, causing a wire transfer in the amount of $267,500 to eCarlink for the purchase of a 2014 McLaren automobile, by and through Compass Bank, a financial institution which was engaged in, or the activities of which affected interstate commerce, in criminally derived property of a value greater than $10,000.00 that was derived from a specified unlawful activity, that is, securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x.

8. The defendant, further admits and agrees that during the calendar year 2013, in the Dallas Division of the Northern District of Texas, he had and received taxable income in the amount of at least $4,500,000 that upon said taxable income there was owing to the United States of America an income tax; that well-knowing and believing the foregoing facts, on or about October 15, 2014, in the Northern District of Texas, he did willfully attempt to evade and defeat the said income tax due and owing by him to the United States

of America for said calendar year by failing to make an income tax return on or about October 15, 2014, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all officers of the United States his true and correct income in violation of 26 U.S.C. § 7201.

9. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to the three count Information.

AGREED TO AND STIPULATED on this 28th day of September, 2018.

_____
Christopher Aundre Faulkner
Defendant

_____
Brian D. Poe
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
Christopher Stokes
Assistant United States Attorney
Texas State Bar No. 19267600
1100 Commerce, Third Floor
Tel: 214.659.8676
Fax: 214.659.8812
Email: christopher.stokes@usdoj.gov