

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| CHRISTOPHER AUNDRE FAULKNER | 3-18CR-500-B |

## PLEA AGREEMENT

Christopher Aundre Faulkner, the defendant, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to have the case presented to a Grand Jury;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to have the defendant's guilt proven beyond a reasonable doubt;

    e. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the three count Information, charging Securities Fraud and Aiding and Abetting in violation of 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 2, Engaging in Illegal Monetary Transactions and Aiding and Abetting in violation of 18 U.S.C. §§

1957 and 2, and Tax Evasion in violation of 26 U.S.C. § 7201. The defendant understands the nature and elements of the crimes to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed five years as to Count One, a period not to exceed ten years as to Count Two, and a period not to exceed five years as to Count Three;

   b. a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s), as to Counts One and Two; and a fine not to exceed $100,000 as to Count Three;

   c. a term of supervised release of not more than three years as to each count, which may be mandatory under the law and will follow any term of imprisonment, as to each count. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100, as to each count;

   e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is 144 months. If the Court accepts this plea agreement, this sentencing provision is

binding on the Court. Other than the agreed term of imprisonment, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $300, in satisfaction of the mandatory special assessments in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum

payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.  **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty, specifically the forfeiture of:

1. Two large custom oil field paintings by Alec Monopoly;

2. 2014 Mercedes Benz AMG S63, VIN # WDDUG7JB2EA049763;

3. 2006 Bentley Continental, VIN # SCBBR53W96C037358;

4. 2012 Aston Martin Virage, VIN # SCFFDECNXCGG14069

5. 2014 Land Rover HSE, VIN # SALGS2WF6EA162015

The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853(a). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its

officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.     **Restitution**:  The defendant understands that by pleading guilty to the Information the Court will impose mandatory restitution under 18 U.S.C. § 3663A in an amount to be determined.  The defendant agrees that funds in the following bank accounts are to be applied by the government towards the defendant's restitution obligation.  The government and the defendant agree that the restitution amount will exceed the funds in these accounts.

| Bank Account | Amount |
| --- | --- |
| Account, Plains Capital Bank, 27000011139 | $256,182.62 |
| Account, Plains Capital Bank, 2600009381 | $14,856.62 |
| Account, BBVA Compass Bank, 6729894123 | $5,000.00 |
| Account, BBVA Compass Bank, 6717336206 | $434.52 |
| Account, BBVA Compass Bank, 2714885683 | $359.37 |
| Account, BBVA Compass Bank, 6726646838 | $48.49 |
| Account, BBVA Compass Bank, 6731629224 | $2.57 |
| Account, BBVA Compass Bank, 6729092590 | $0.50 |
| Account, Bank of America, 4880-5245-6648 | $43,513.78 |
| Account, Wells Fargo Bank, 7172799160 | $122,387.11 |
| Account, BB&T, 140001706075 & 1440001706091 | $85,093.05 |
| Account, Frost Bank, 609095179 | $3,484.76 |

| Account, Citibank, 206646754 | $154.92 |
|---|---|

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that lawyer's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 28th day of September, 2018.

ERIN NEALY COX
UNITED STATES ATTORNEY

Christopher Stokes
Assistant United States Attorney
Texas State Bar No. 19267600
1100 Commerce, Third Floor
Dallas, Texas 75242
Tel: 214.659.8676
Fax: 214.659.8812
Email: christopher.stokes@usdoj.gov

J. Nicholas Bunch
Deputy Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Christopher Aundre Faulkner
Defendant

9/28/18
Date

Plea Agreement—Page 8

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____     _____9/28/18_____
Brian D. Poe                                              Date
Counsel for Defendant