UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | CRIMINAL ACTION NO: |
| v. | § | 3:18-CR-500-B |
| | § | |
| CHRISTOPHER AUNDRE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

## AMENDED PRETRIAL ORDER

| Motions due | June 24, 2019 |
|---|---|
| Responses Due | July 8, 2019 |
| Proposed voir dire and jury instructions due | July 22, 2019 |
| Pretrial Conference set | August 2, 2019 at 10:00 AM |
| Jury selection and trial set | August 5, 2019 at 9:00 AM. |

1. This case is **set for trial** on **August 5, 2019 at 9:00 AM.** Counsel and the parties shall be ready for trial on that date. Any potential scheduling conflicts must be called to the attention of the Court **in writing** within ten (10) days of the date of this order.

2. By **June 24, 2019**, all **pretrial motions** shall be filed, and they must comply with **Local Criminal Rule 47.1**. *See* N.D. TexCrim. R 47.1. Discovery motions and motions for a bill of particulars will be denied in their entirety unless they are limited to the specific matters actually in dispute, **after conference with opposing counsel**, as required by Local Criminal Rule 47.1(a).

3. By **July 8, 2019**, the **government's response** to the pretrial motions shall be filed, and **any reply** by the defendant shall be filed by **July 15, 2019**.

1

4. By **July 22, 2019**, all **pretrial materials** shall be filed. Specifically, by this date:

a. **A list of witnesses** shall be filed by each party, which: divides the persons listed into groups of "**probable witnesses**," "**possible witnesses**," "**experts**" and "**record custodians**;" states the **name and address** of each witness; and contains a brief **narrative summary** of the testimony to be covered by each witness. (Modification of Local Criminal Rule 16.1(b)).

b. **A list of exhibits** to be offered at trial shall be filed by each party. In addition, each party shall **number the listed exhibits** with gummed labels (which the parties must provide themselves); shall **exchange a complete set** of marked exhibits with opposing counsel; and shall **deliver to the Court's chambers one hard copy and one digital copy of the marked exhibits** (except large or voluminous items that cannot be easily reproduced). (Modification of Local Criminal Rule 16.1(a)).

c. On the day the case is set for trial, additional copies of the **list of witnesses** and **list of exhibits** (as required by Local Criminal Rules 16.1(a) and (b)) shall be **delivered** to the court reporter by each party.

d. **Requested jury instructions (annotated)**, [1] any **motions in limine** (which must be limited to matters actually in dispute), and any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel shall be filed by each party. (Modification of Local Criminal Rule 30.1).

e. **A written statement** covering these matters shall be filed by each party: (i) the estimated **length of trial**; (ii) the status of any **plea bargaining** negotiations; (iii) any **scheduling problems** which the attorneys, parties or witnesses have during the trial docket; and

---

[1] "Annotated" means that **each** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this court, the parties should – to the extent possible – rely on these sources (and/or Fifth Circuit pattern instructions) in proposing jury instructions.

      (iv) **any additional matters** which would aid the disposition of this case.

    f. **Trial briefs, if any**, shall be filed. In the absence of a specific order, trial briefs are not required but are welcomed. They should concentrate on Fifth Circuit and Supreme Court authority on the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines set in this order are dates for **filing** or **delivery** of pretrial materials, **not mailing** dates.

  5. A **final pretrial conference** in this case is set for **August 2, 2019 at 10:00 AM**. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The defendant shall be present.

  6. **SANCTIONS will be imposed if these pretrial requirements are not met.** If the **government** does not timely file the pretrial materials, the case will be dismissed. Any **defendant** who does not timely file the required pretrial materials will not be permitted to present witnesses or exhibits at trial. **Failure to list a witness or an exhibit** shall be grounds for exclusion of that testimony or exhibit. This does not apply to exhibits or testimony offered for **impeachment**, and the use of unlisted exhibits or witnesses for **rebuttal** shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

  10. In **multi-defendant cases**, any motions to continue the pretrial deadlines and/or trial setting must include a certificate of conference with the government and the attorneys for all co-defendants with whom the moving defendant is set for trial.

  11. Questions about this scheduling order or about any other matters related to this case should be directed to Judge Boyle's courtroom deputy by calling **(214) 753-2740** and then pressing

3

the option for "criminal cases." If, the phone goes to voice-mail, please leave a message that includes the case name and number, as well as your name and number and that of opposing counsel. Alternatively, you can e-mail the Court regarding your case at **Boyle_Criminal@txnd.uscourts.gov**. If you choose to e-mail the Court, include the case name and number, as well as your name and number. *You must copy opposing counsel* on your e-mail to the Court. If you do not copy opposing counsel, you will not receive a response to your e-mail.

**SO ORDERED**.

Signed this June 10, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE