IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  3:18-500-B |
| v. | |
| CHRISTOPHER AUNDRE FAULKNER | |

## JOINT MOTION FOR CONTINUNACE AND TO DESIGNATE CASE COMPLEX

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JANE J. BOYLE:

1. The government and the defendant jointly move the Court for a continuance of the present trial setting and for an order declaring this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  In support the parties would show the following:

2. On May 29, 2019, the defendant was charged by a superseding indictment with six counts of securities fraud in violation of 15 U.S.C. §§ 77q (a)) and 77x, seven counts of mail fraud in violation of 18 U.S.C. § 1341, six counts of money laundering in violation of 18 U.S.C. § 1957, and two counts of tax evasion in violation of 26 U.S.C. § 7201. Trial is presently scheduled for August 5, 2019.

3. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice" continuance at the request of a defendant, defense counsel, or the Government if the Court does so on the basis of the finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court may consider in granting an "ends of justice" continuance are "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

4.  This case is "complex" within the meaning of the Speedy Trial Act, due to the nature of the prosecution, the complexity of the facts underlying the indictment, and the voluminous nature of the discovery. The case involves the sale of working interests in various oil and gas properties to over a thousand investors between 2010 and 2016. Over $149 million of investor funds flowed through approximately one hundred bank accounts associated with the defendant or his companies. The investigative materials obtained by the government are extensive. Agents imaged 90 electronic devices during search of the defendant's office that contain approximately 86 terabytes of data.[1] The government obtained additional records from the Securities and Exchange Commission which are over 600 gigabytes. Additional records obtained by subpoenas, voluntary disclosures, and other investigative methods exceed 25 gigabytes.

5.  On June 21, 2019, United States Magistrate Judge Rebecca Rutherford granted the defendant's motion to appoint the Federal Public Defender as a coordinating discovery attorney to assist in the organization and review of the government's discovery. (Dkt. 78). The parties plan to meet and confer with the coordinating attorney regarding the identification, format, and timing of the production of the government' discovery. Moreover, as production occurs, defense counsel will need time to review and assess the information and documents to prepare for what is anticipated to be a lengthy trial.

---

[1] According to http://www.whatsabyte.com, "[a] Terabyte is approximately one trillion bytes, or 1,000 Gigabytes. . . To put it in some perspective, a Terabyte could hold 1,000 copies of the Encyclopedia Britannica.

**Joint Motion for Continuance
and to Designate Case Complex, Page 2.**

6.     Based on the foregoing information, the parties request that the Court issue a written order finding that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendants in a speedy trial; (2) the case is so complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) that it is unreasonable to expect adequate preparation for pretrial or trial proceedings can take place within the time limits of 18 U.S.C. § 3161; and (3) a continuance of the trial date is therefore necessary.

7.     The parties would recommend that the Court schedule a status conference in approximately 6 months for the parties to advise the Court as to the status of discovery, outstanding issues, and to consider the scheduling of motion and trial deadlines.

**JOINTLY AGREED AND RESPECTFULLY SUBMITTED:**

| | |
|---|---|
| s/Christopher Stokes<br>Christopher Stokes<br>Assistant United States Attorney<br>Texas Bar No. 19267600<br>1100 Commerce Street, 3rd Floor<br>Dallas, Texas 75242<br>Telephone: 214.659.8600<br>Email: christopher.stokes@usdoj.gov | s/Brian D. Poe<br>Brian D. Poe<br>Attorney for the defendant<br>Texas Bar No. 24056908<br>909 Throckmorton St.<br>Fort Worth, Texas 76102<br>Telephone: 817.870.2022<br>Email: bpoe@bpoelaw.com |

CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2019 this document was served on counsel for the defendant by electronically filing the pleading with the clerk of court for the U.S. District Court, Northern District of Texas using the ECF system.

s/Christopher Stokes
CHRISTOPHER STOKES
Assistant United States Attorney