# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-10128
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 16, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER AUNDRE FAULKNER, also known as Christopher A. Faulkner,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-500-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher Aundre Faulkner appeals the district court's denial of his motion to reconsider or revoke his pretrial detention, arguing that his prolonged detention violates due process. We review the ultimate legal question concerning a due process challenge de novo, *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008), deferring to the district court's underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factfinding unless it is clearly erroneous, *see United States v. Molina-Solorio*, 577 F.3d 300, 303 (5th Cir. 2009). *See also United States v. Stanford*, 394 F. App'x 72, 74 (5th Cir. 2010) (applying these standards to due process challenge to detention). In considering whether pretrial detention violates due process, we consider the original justification for the detention as well as "the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay." *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989).

Faulkner fails to show error in the district court's rejection of his due process claim. Serious concerns about flight risk supported the original detention order. Faulkner was arrested while he was about to board a plane to London. He had in his possession gold bars, gold coins, more than $10,000 in cash, and his birth certificate. The government had information that Faulkner's mother was arranging for him to live in Lebanon. This strong basis for the original detention order weighs against Faulkner's due process claim. *Id.*

Although the length of the detention (roughly 18 months) weighs in favor of a due process violation, this factor alone is not dispositive and courts have allowed much lengthier detentions. *Stanford*, 394 F. App'x at 75 (citing cases rejecting due process challenges to detentions lasting thirty or more months). The uncertain length of future detention also supports Faulkner, though the district court is working with the parties to set a trial date. But the complexity of this investment fraud case weighs against a due process violation, and we find no basis for disrupting the district court's factual determination that the delay is not the government's fault. *Id.* (noting these factors weight against a due process finding). Instead, much of the delay resulted from Faulkner's

withdrawal of his guilty plea after the district court rejected a plea agreement. That unusual situation and the resulting delay did not transform the purpose of this pretrial detention from a permissible regulatory one into an unconstitutionally punitive one.

    AFFIRMED.