```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
vs.                          )3:18-CR-00500-B(1)
                             )
CHRISTOPHER AUNDRE FAULKNER,)
                             )
          Defendant.         )

                   VIA ZOOM

              REARRAIGNMENT HEARING
        BEFORE THE HONORABLE JANE J. BOYLE
           UNITED STATES DISTRICT JUDGE
                DECEMBER 1, 2020

             A P P E A R A N C E S
For the Government:

     UNITED STATES ATTORNEY'S OFFICE
     1100 Commerce Street - 3rd Floor
     Dallas, TX  75242
     214/659-8600
     BY:  MARCUS J. BUSCH

For the Defendant:

     LAW OFFICE OF KEVIN B. ROSS, PC
     8150 North Central Expressway - Suite M2070
     Dallas, TX  75206
     214/731-3151
     BY:  KEVIN B. ROSS

COURT REPORTER:   SHAWNIE ARCHULETA, TX CCR No. 7533
                  1100 Commerce Street
                  Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER - 214.753.2747**

```
 1              (VIA ZOOM.)

 2              THE COURT:  Good morning.  This is United

 3   States v. Christopher Aundre Faulkner, Case Number

 4   3:18-CR-500-B.

 5              Who is here for the Government.

 6              MR. BUSCH:  Your Honor, it's Marcus Busch

 7   for the Government.

 8              THE COURT:  And who is here for the

 9   defendant?

10              MR. ROSS:  Kevin Ross, Your Honor, for

11   Mr. Faulkner.

12              THE COURT:  Mr. Faulkner -- please be

13   seated if you are not already.

14              Mr. Faulkner, hello.  How are you?

15              THE DEFENDANT:  Hello.  I'm okay, thank

16   you, Your Honor.

17              THE COURT:  I want to place you under oath

18   before I ask you any questions, so raise your right

19   hand, please.

20              (The Defendant was sworn.)

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  I want to ask you first, you

23   understand you can have these proceedings live.  You

24   have the absolute right to have these proceedings

25   live.  Now, if you want to do that, it's fine with
```

1   me, it's fine with everybody, just tell me, or you

2   can do it this way.

3           Which way do you want to do it?

4           THE DEFENDANT:  This way is fine, Your

5   Honor, considering the circumstances.

6           THE COURT:  And has anybody pressured you

7   in that regard?

8           THE DEFENDANT:  To do it this way?

9           THE COURT:  Yes.

10           THE DEFENDANT:  No.  No, ma'am.

11           THE COURT:  Anyone promised you any

12   benefits?

13           THE DEFENDANT:  No, ma'am.

14           THE COURT:  All right.  So I find that you

15   have freely and voluntarily waived your right to

16   have a live hearing.

17           Do you agree?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Okay.  Mr. Ross, do you agree?

20           MR. ROSS:  Yes, Your Honor.

21           THE COURT:  Okay.  All right.  Then, you

22   know -- Mr. Ross, do you have access to him by

23   phone?

24           MR. ROSS:  Your Honor, I do have the

25   instructions that Ms. Wilson sent out to be able to

```
 1   call if needed.
 2              THE COURT:  Um-hum.  I just wanted to make
 3   sure.
 4              Mr. Faulkner, if at the present time
 5   during this proceeding, any time at all, you want to
 6   talk separately with your lawyer, you just tell us,
 7   and we will let you talk to him privately where we
 8   can't hear.
 9              Do you understand that?
10              THE DEFENDANT:  Yes, I do.
11              THE COURT:  Okay.  If you don't understand
12   something I'm going over -- you know, bottom line
13   is, it's most, most important that you understand
14   everything that's going on here; more than anyone
15   else, you have to understand it.  So if you have any
16   questions of me, questions of the Government,
17   questions of Mr. Ross, anything at all, you just
18   have to raise your hand and tell us what you want.
19              Okay?
20              THE DEFENDANT:  Okay.  Yes, Your Honor.
21              THE COURT:  Do you understand?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  All right.  Okay.  Now that
24   you are under oath, do you understand that if you
25   answer any of my questions falsely, you could be
```

```
1   charged with perjury or making a false statement?
2              Do you understand that?
3              THE DEFENDANT:  Yes, Your Honor.
4              THE COURT:  Okay.  All right.  What is
5   your full name?
6              THE DEFENDANT:  Christopher Aundre
7   Faulkner.
8              THE COURT:  How old are you?
9              THE DEFENDANT:  I'll be 44 in five days,
10  so I'm currently 43.
11             THE COURT:  Okay.  I will be 66 in five
12  days.
13             How far did you go in school?
14             THE DEFENDANT:  Two years of college.
15             THE COURT:  Two years of college.
16             Have you been treated recently for any
17  kind of mental illness or addiction to narcotic
18  drugs or alcohol?
19             THE DEFENDANT:  No, Your Honor.
20             THE COURT:  As you're sitting there right
21  now, are you under the influence of any kind drug or
22  alcohol?
23             THE DEFENDANT:  No, Your Honor.
24             THE COURT:  What are you -- what are you
25  taking these days?
```

1          THE DEFENDANT:  I take a generic version

2    of Lipitor.

3          THE COURT:  Okay.

4          THE DEFENDANT:  I take Naproxen and

5    Tylenol for my back and my knee issue.  And I take

6    Remeron for anxiety.  And I've been taking an

7    over-the-counter allergy pill due to the weather, I

8    guess.

9          THE COURT:  Is there anything else?

10          THE DEFENDANT:  Not that I can think of,

11    no; that's what they prescribed me.

12          THE COURT:  Is there anything about those

13    medications that you are currently on that would

14    interfere with your ability to understand this

15    proceeding?

16          THE DEFENDANT:  I don't believe so, no,

17    Your Honor.

18          THE COURT:  Okay.  Okay.  Mr. Ross, do you

19    agree with that?

20          Mr. Ross, do you agree with that?

21          MR. ROSS:  I do, Your Honor.

22          THE COURT:  Okay.  All right.  Now, there

23    is a big old indictment here and superseding

24    indictment, and it is, let's see, something like 21

25    pages.

```
 1              Now, let me ask you first, have you looked
 2    at this indictment?  It's -- it's relatively new.
 3    It was filed -- well, it's not relatively new.  Is
 4    it right it was filed 5/29 of '19, Mr. Busch?
 5              MR. BUSCH:  Yes, Your Honor.
 6              THE COURT:  That's the most recent
 7    charging document, right?
 8              MR. BUSCH:  Yes, Your Honor.
 9              THE COURT:  Okay.  Have you read
10    thoroughly through this with your attorney?
11              THE DEFENDANT:  Yes, Your Honor.
12              THE COURT:  Okay.  I mean, page by page,
13    paragraph by paragraph, because there's a lot in
14    here.
15              Have you read through it like that?
16              THE DEFENDANT:  Yes.  Around the time it
17    was filed, yes, I did.
18              THE COURT:  With your attorney.
19              THE DEFENDANT:  Yes, with my attorney.
20    Yes, Your Honor.
21              THE COURT:  Okay.  Now, do you understand
22    the nature of the charges against you?
23              THE DEFENDANT:  Yes.  In general terms,
24    sure I do, yes.
25              THE COURT:  Now, if you want, you can have
```

1   this whole indictment read to you.  You can have

2   that.  No one is trying to not make you get that.

3   You can have the whole indictment read to you here

4   in open court, or you can waive that right.  It's up

5   to you.  I don't care.

6            Which way do you want to go?

7            THE DEFENDANT:  I'm going to waive my

8   right to read it in open court.

9            THE COURT:  Okay.  Mr. Ross, do you agree

10  with that?

11           MR. ROSS:  I do, Your Honor.

12           THE COURT:  Okay.  All right.  Are you

13  fully satisfied with your attorney and the

14  representation and advice he's given to you so far?

15           THE DEFENDANT:  In regards to my plea

16  agreement or --

17           THE COURT:  Everything.  I just want to

18  know if you're happy with him.

19           THE DEFENDANT:  Yeah, I -- I think in

20  regards to my plea agreement and the documents that

21  we're discussing today, I'm -- I'm happy with where

22  we're at.

23           THE COURT:  But it -- it's a whole

24  process.  I mean, from the time Mr. Ross came on

25  until now, everything, are you happy with him?

1          THE DEFENDANT:  I would like to -- I would
2     like to speak to Mr. Ross directly at this time.
3          THE COURT:  Okay.  Mr. Ross, would you
4     call him?
5          MR. ROSS:  Sure, Your Honor.
6          THE COURT:  And I guess we have to mute or
7     something.
8          MS. WILSON:  They do.
9          THE COURT:  Be sure to mute.
10         THE DEFENDANT:  I'm going to mute now.
11         THE COURT:  Yes, and Mr. Ross mutes, too.
12         (Pause in the proceedings; private
13     discussion off the record.)
14         MR. ROSS:  Your Honor.
15         THE COURT:  Yes, go ahead.
16         Mr. Faulkner.
17         THE DEFENDANT:  Yes, I have spoken to
18     Mr. Ross.  Thank you for allowing me to do that.
19         THE COURT:  Sure.
20         THE DEFENDANT:  I can answer your question
21     now.
22         THE COURT:  What is your answer as to
23     whether you are fully satisfied with your attorney's
24     representation and advice?
25         THE DEFENDANT:  Yes.  Up until the plea

10

```
 1   agreement, yes.  I've been through the plea
 2   agreement, I'm happy with his representation.
 3             THE COURT:  And advice.  Totally and
 4   completely, right?
 5             THE DEFENDANT:  Yes, ma'am.  Yes, Your
 6   Honor.
 7             THE COURT:  Okay.  Okay.  All right.  I
 8   next have a plea agreement and a plea agreement
 9   supplement.
10             Please -- do you have those document in
11   front of you, Mr. Faulkner?
12             THE DEFENDANT:  Yes.  Yes, Your Honor, I
13   do.  Let me get them out -- let me get them out of
14   my folder here.
15             THE COURT:  Okay.  Have you read over the
16   plea agreement thoroughly with your attorney?
17             Take your time.  I want you to take your
18   time.
19             THE DEFENDANT:  I have the three documents
20   in front of me, and I have read over all three.
21             THE COURT:  Right now I just want to talk
22   about the plea agreement, just the plea agreement.
23             Have you read through that carefully with
24   Mr. Ross?
25             THE DEFENDANT:  Yes, I have, Your Honor.
```

1            THE COURT:  Do you understand it all?

2            THE DEFENDANT:  I believe I do, Your

3    Honor.

4            THE COURT:  Do you agree with it?

5            THE DEFENDANT:  Yes, I do, Your Honor.

6            THE COURT:  Did you sign the last page?

7            THE DEFENDANT:  Yes, I did, on 2/22.

8            THE COURT:  Okay.  On the plea agreement

9    supplement, that's another document, get that.

10            THE DEFENDANT:  Okay, Your Honor.

11            THE COURT:  Have you read through that

12    carefully with Mr. Ross?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  And do you understand it?

15            THE DEFENDANT:  I believe I do, Your

16    Honor.

17            THE COURT:  Do you agree with it?

18            THE DEFENDANT:  Yes, Your Honor.

19            THE COURT:  And did you sign on the last

20    page?

21            THE DEFENDANT:  Yes, I did.

22            THE COURT:  Now, you have a right -- and

23    in this case, I don't know how you'll go, because I

24    think there's a lot of stuff in here, and I'll have

25    Mr. Busch help me with that.

12

1          You have a right to have both of these

2    documents read to you here in open court, front page

3    to back, or you can waive that right as to both of

4    them or separately.

5          What would you like to do?

6          THE DEFENDANT:  I would waive my right to

7    have it read in open court.  I've read them at one

8    time.

9          THE COURT:  Okay.  Now I want to talk to

10   you about a few things.  But Mr. Busch, would you go

11   through the relevant portions of the plea agreement

12   and the plea agreement supplement, I mean like

13   the -- I'm talking about the -- the release of

14   seized property?  Would you talk to him about that?

15         MR. BUSCH:  Yes, Your Honor.  The plea

16   agreement contemplates that the defendant agrees to

17   release to the SEC, the Securities Exchange

18   Commission and transfer any ownership, claim, title,

19   or license to the SEC the following property, and

20   there are a number of items that are listed.

21         THE COURT:  Go ahead.  I want you to read

22   them.

23         MR. BUSCH:  Okay.  A:  $43,513.78 seized

24   from the Bank of America account ending in 66 --

25         THE COURT:  You're going too fast, but you

13

```
 1   covered that.

 2           Mr. Faulkner, do you agree to that?

 3           THE DEFENDANT:  I'm not sure what you're

 4   asking me to agree to, to Section 8?  Paragraph 8?

 5           THE COURT:  This is part 8.  And he's

 6   going through the forfeiture.  $45,513.78 seized

 7   from Bank of America.

 8           Do you agree to forfeit that?

 9           THE DEFENDANT:  Yes, Your Honor.

10           Sorry, I didn't understand, but I do now.

11           THE COURT:  Go ahead, Mr. Busch.

12           MR. BUSCH:  The next item is $122,387.11

13   seized from Wells Fargo, account ending in 9160, in

14   the name of Blue Star Investments, Inc., doing

15   business as Breitling.

16           THE COURT:  Mr. Faulkner, do you agree to

17   forfeit that?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Okay.  Go ahead.

20           MR. BUSCH:  Your Honor, the next item is

21   $85,093.05 seized from BB&T, account ending in 6091

22   in the name of Blue Star Investments, Inc., d/b/a

23   Breitling.

24           THE COURT:  Mr. Faulkner, do you agree to

25   forfeit that?
```

14

1           THE DEFENDANT:  Yes, Your Honor.

2           THE COURT:  Go ahead.

3           MR. BUSCH:  And then the lasts is two

4    large custom oilfield paintings by Alec Monopoly.

5           THE COURT:  Okay.  How about that, too?

6    Do you agree to forfeit that?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  Okay.  All right.  Let's go

9    into -- I want you to talk to him about waiver of

10   appeal or otherwise challenges sentence.

11          MR. BUSCH:  Yes, Your Honor.

12          The Government and the defendant have

13   agreed that the defendant waives the following

14   rights conferred by 28 U.S.C. Section 1291 and

15   18 U.S.C. Section 3742 to appeal the conviction,

16   sentence, fine and order of restitution or

17   forfeiture in an amount to be determined by the

18   Court.  The defendant waives the defendant's right

19   to contest the conviction, sentence, fine and

20   restitution for forfeiture in any collateral

21   proceeding, including proceedings under 28 U.S.C.

22   Section 2241 and 28 U.S.C. Section 2255.

23          The defendant further -- I'm sorry.

24          THE COURT:  No, no, go ahead.

25          MR. BUSCH:  Yeah, Your Honor.

15

```
 1              The defendant further waives the
 2   defendant's right to seek any further reduction in
 3   the defendant's sentence based on a change in the
 4   sentencing guidelines or statutory law.  The
 5   defendant, however, reserves the rights, (a), to
 6   bring a direct appeal of (i) a sentence exceeding
 7   the statutory imprisonment or punishment, or (ii) an
 8   arithmetic error in sentencing, (b) to challenge the
 9   voluntariness of the defendant's plea of guilty or
10   this waiver, and (c) to bring a claim of ineffective
11   assistance of counsel.
12              THE COURT:  Okay.  Thank you.
13              Mr. Faulkner, did you hear all of those
14   things that you waived under your waiver of right to
15   appeal?
16              THE DEFENDANT:  I did.
17              THE COURT:  Okay.  Now, this -- you
18   understand basically this means that your sentence
19   is the end the case.  You cannot appeal your
20   sentence except for very limited circumstances,
21   which I'm going to talk to you about in a minute.
22   But your case is over at sentencing.  Do you
23   understand that?
24              THE DEFENDANT:  Yes, Your Honor.
25              THE COURT:  Okay.  You can appeal those
```

16

```
 1    little things that he told you, and they are very

 2    narrow.

 3              You can bring a -- if I give you higher

 4    than the statutory maximum -- which is not going to

 5    happen -- if there's an arithmetic error at

 6    sentencing, you can challenge your voluntariness of

 7    your plea or the voluntariness of this waiver, and

 8    you can bring a claim of ineffective assistance of

 9    counsel.

10              Do you understand those are the only

11    things you can bring?

12              THE DEFENDANT:  Yes, Your Honor.

13              THE COURT:  Otherwise, your case is over

14    at sentencing.

15              Understand?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  Is that okay with you?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Did anyone promise you

20    anything, promise you any benefits to get you to

21    waive your right to appeal?

22              THE DEFENDANT:  No, Your Honor.

23              THE COURT:  Did anyone threaten you or

24    pressure you at all to get you to waive your rights?

25              THE DEFENDANT:  No, Your Honor.
```

1          THE COURT:  Do you do so freely and

2    voluntarily?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Knowingly and intelligently?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Okay.  I find -- Mr. Ross, do

7    you agree with all that?

8              MR. ROSS:  I do, Your Honor.

9              THE COURT:  Okay.  He has waived his right

10   to appeal then.

11             Okay.  Mr. Busch, I'd like to move to the

12   plea agreement supplement.  And I would like you to

13   tell me the details of the plea agreement

14   supplement, or tell him about this again.

15             He says he's read this carefully with his

16   attorney, but I would like to have the details of it

17   read into the record as much as you can, I mean

18   summarize.

19             MR. BUSCH:  Yes, Your Honor.

20             Regarding the supplement, of course that's

21   a document that the Government filed under seal.

22             THE COURT:  This will be placed under

23   seal.  This entire hearing is placed under seal.

24             Hold on.

25             MS. WILSON:  We have other people

```
 1   watching.
 2              (Discussion off the record.)
 3              THE COURT:  We're going to seal this part
 4   of the hearing, but they're going to have to drop
 5   everybody from that other room and then let them
 6   reconnect.  But I think it's very important that we
 7   talk about this.  So give us just a second.
 8              THE DEFENDANT:  All right.
 9              (Pause in the proceedings.)
10              (Sealed portion; not a part of this
11   record.)
12              THE COURT:  Okay.  All right.
13              Mr. Faulkner, do you agree with all that
14   Mr. Busch just said about the plea agreement?
15              THE DEFENDANT:  The supplement?
16              THE COURT:  Yes, just the supplement.
17              THE DEFENDANT:  Yes, I agree that's a good
18   assessment of the case.  Yes, Your Honor.
19              THE COURT:  Okay.  All right.  Is there
20   anything you want to add from it or take from it?
21              THE DEFENDANT:  No.  I -- I think that my
22   portion was summarized, my portion in the same
23   document, and I think that -- that properly displays
24   my position about the case as well.
25              THE COURT:  Okay.  Mr. Ross, do you agree?
```

19

```
 1              MR. ROSS:  I do, Your Honor.
 2              THE COURT:  Okay.  Now, the most important
 3    thing here is that you're comfortable, Mr. Faulkner,
 4    that this is the final plea agreement.  Okay?  So I
 5    have to make sure that you're not alleging in any
 6    form or fashion that anyone has promised you any
 7    benefits for this plea agreement other than what's
 8    in the plea agreement.  So if there's an agent, if
 9    there's an AUSA, your own attorney, or anybody else
10    promised you or implied promised you anything that's
11    not in this plea agreement, you need to tell me
12    right now.
13              THE DEFENDANT:  There's none, Your Honor.
14              THE COURT:  Okay.  You're absolutely sure
15    about that.
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  See, I don't want you to come
18    back in six months to a year and say, Well, I was
19    afraid to talk.  My attorney told me not to talk,
20    and I just went along with the process like a little
21    soldier, but I felt really bad about this.
22              THE DEFENDANT:  I don't have --
23              THE COURT:  Let me finish.
24              This was promised me and that was promised
25    me.
```

1              So tell me about that.

2              THE DEFENDANT:  No, I don't mind talking,

3    Your Honor, if that was the case, but that's not the

4    case.

5              THE COURT:  All right.  Okay.  Has anybody

6    threatened you in any way, pressured you in any way,

7    any agent, anything outside of this plea agreement?

8              THE DEFENDANT:  No.

9              THE COURT:  Okay.  All right.

10             Mr. Ross, do you agree with that?

11             MR. ROSS:  I do, Your Honor.

12             THE COURT:  Anything else you want to say

13   on that topic, Mr. Faulkner?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  All right, then, I think the

16   plea agreement is an absolute plea agreement with no

17   promises and no threats outside what's in the plea

18   agreement itself, and I will accept it.

19             All right.  Now I have to talk to you

20   about your constitutional rights.

21             Do you understand that by pleading guilty

22   to this felony -- I don't know -- I don't know if

23   you have a prior record or.  Not, but this felony

24   offense, if I accept your plea, you will be judged

25   guilty, and that judgment may deprive you of

1    valuable civil rights such as the right to vote, the

2    right to hold public office, the right to serve on a

3    jury, and the right to possess any kind of firearm.

4              Do you understand that?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Okay.  We lost you somehow.

7              Do you hear me?

8              THE DEFENDANT:  I can hear you fine.  Can

9    you hear me?

10             THE COURT:  Can you see me?

11             THE DEFENDANT:  You're back.

12             THE COURT:  What?

13             THE DEFENDANT:  I can see you.

14             Can you see me?

15             THE COURT:  Okay.  I can see you now a

16   little bit better.  Okay.

17             THE DEFENDANT:  Can you hear me?

18             THE COURT:  Yes, I can hear you.

19             THE DEFENDANT:  Okay.

20             THE COURT:  By pleading guilty, you waive

21   a lot of the constitutional rights that you would

22   have otherwise.  For example, if you pled not

23   guilty, you can plead not guilty right now, and we

24   can have a whole trial.  It's not too late.  It will

25   be at the end of this colloquy.  If you plead not

22

1    guilty, you're entitled to a full jury trial with 12

2    people unconnected with the case hearing the

3    evidence.

4                    Do you understand that?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  Admissible evidence, okay.  So

7    that narrows it some.

8                    Do you understand that?

9                    THE DEFENDANT:  Yes, Your Honor.

10                   THE COURT:  And if you chose to plead not

11   guilty and your constitutional rights applied, the

12   jury would have to presume you innocent, presume you

13   innocent until the Government and just the

14   Government came forward and proved your guilt beyond

15   a reasonable doubt.

16                   Do you understand that?

17                   THE DEFENDANT:  Yes, Your Honor.

18                   THE COURT:  You would have no burden

19   whatsoever.  You wouldn't have to testify, and

20   nobody could call you if you didn't want to testify.

21   You understand that.

22                   THE DEFENDANT:  Yes, Your Honor.

23                   THE COURT:  And you could call witnesses

24   in your case, you could call witnesses, present

25   exhibits if you wanted to.  Do you understand that?

23

```
 1                THE DEFENDANT:  Yes, Your Honor.
 2                THE COURT:  And you'd have an attorney to
 3     represent you throughout the case, right?
 4                THE DEFENDANT:  Yes, Your Honor.
 5                THE COURT:  Okay.  And you know at trial
 6     you'd have the assistance of a lawyer, presumed
 7     innocence, the Government would be required to prove
 8     you guilty by competent evidence beyond a reasonable
 9     doubt, okay, before you could be found guilty.  Do
10     you understand that?
11                THE DEFENDANT:  Yes, Your Honor.
12                THE COURT:  I've already said this, but
13     you have no -- no burden whatsoever to prove you're
14     innocent.  Do you understand that?
15                THE DEFENDANT:  I do.
16                THE COURT:  Okay.  And not only could the
17     Government not call you to the stand and you
18     could -- you could sit silent and have nothing at
19     all put on for you, and then it would be -- it's
20     just the Government's proof that proves you guilty,
21     right?
22                Right?
23                THE DEFENDANT:  Yes.
24                THE COURT:  And if you didn't testify,
25     didn't put anything on, most importantly the jury
```

1    could not even consider that, not talk about it, not

2    consider it at all in deciding whether or not you

3    were guilty.

4              Do you understand that?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Okay.  So you could go through

7    a whole trial, put nothing on, but still have your

8    attorney representing you and cross-examining the

9    Government's witnesses and looking at their evidence

10   and all that.  You understand that.

11             THE DEFENDANT:  I do.

12             THE COURT:  All right.  By pleading

13   guilty, you are giving up that right to not testify

14   against yourself, you give up the right to the

15   presumption of innocence, and you give up the right

16   to the Government having to prove your case beyond a

17   reasonable doubt.

18             Do you understand that?

19             THE DEFENDANT:  I do.

20             THE COURT:  Okay.  And once I have

21   accepted your plea -- which I will do in a few

22   minutes I think -- you have no right to get a trial.

23   There's no -- you can't change your mind two minutes

24   from now, five minutes from now, two years from now.

25   You understand that.

```
 1                    THE DEFENDANT:  I do.  It's a big deal,
 2          and I understand.
 3                    THE COURT:  It's a big deal, and I want
 4          you to make sure you understand.  This is your last
 5          chance to plead guilty.  Do you understand that?
 6                    THE DEFENDANT:  Yes, Your Honor, I do.
 7                    THE COURT:  Mr. Ross, do you understand
 8          all that?
 9                    MR. ROSS:  Yes, Your Honor, I do.
10                    THE COURT:  Okay.  All right.
11                    All right.  Do you understand that you
12          will have to present yourself under oath and admit
13          you're guilty to all the facts of this case?
14                    Do you understand that?
15                    THE DEFENDANT:  Yes.
16                    THE COURT:  Okay.
17                    THE DEFENDANT:  Yes, Your Honor.
18                    THE COURT:  And you still wish to persist
19          in this plea.
20                    THE DEFENDANT:  I do.
21                    THE COURT:  Mr. Ross, do you agree with
22          that?
23                    MR. ROSS:  Yes, Your Honor.
24                    THE COURT:  Okay.  How about the
25          punishment, Mr. Busch?
```

```
 1            MR. ROSS:  We can't hear him.
 2            THE COURT:  Mr. Busch, how about the
 3    punishment?
 4            MR. BUSCH:  I apologize, I was on mute.  I
 5    apologize.
 6            The maximum penalties the Court can impose
 7    include imprisonment for a period not to exceed five
 8    years as to each of Counts 1, 2, and 21 for a
 9    maximum period of 15 years; a fine not to exceed
10    $250,000 or twice any pecuniary gain to the
11    defendant or loss to the victims as to each of
12    Counts 1, 2 and 21; a term of supervised release of
13    not more than three years as to each count, which
14    may be mandatory under the law and will follow any
15    term of imprisonment as to each count.  If the
16    defendant violates the conditions of supervised
17    release, the defendant could be in prison for the
18    entire term of supervised release; a mandatory
19    special assessment of $100 as to each count for a
20    total of $300; restitution to the victims or to the
21    community, which is mandatory under the law, which
22    the defendant agrees may include restitution arising
23    from all relevant conduct not limited to that or
24    arising from the offense of conviction alone; costs
25    of incarceration and supervision; and forfeiture of
```

27

```
 1  property.
 2          THE COURT:  Okay.  What if he didn't have
 3  the (c)(1)(C), what would he be looking at?
 4          (Discussion off the record between Ms.
 5  Wilson and the Court.)
 6          THE COURT:  Mr. Busch, what is the maximum
 7  that you just told me for years he's looking at, 15?
 8          MR. BUSCH:  Yes, ma'am, for the three
 9  counts -- yes, ma'am.
10          THE COURT:  Go ahead.  What else were you
11  going to say?
12          MR. BUSCH:  I believe that was all, Your
13  Honor.
14          THE COURT:  Okay.  Mr. Faulkner, did you
15  hear all of what you're going to look at in terms of
16  punishment by entering in this plea?
17          THE DEFENDANT:  Yes, I did.
18          THE COURT:  Okay.  You know, you get the
19  whole 15 years and all that -- all the other stuff
20  that Marcus said.  Do you want it repeated?  You can
21  have it -- repeat it Marcus, one more time.
22          Mr. Busch.
23          MR. BUSCH:  I apologize.  I was told to
24  mute myself every time I wasn't speaking.
25          THE COURT:  You don't have to mute until
```

28

1   we are finished.

2           MR. BUSCH:  Okay.

3           THE COURT:  Would you please tell him

4   again the punishment range.

5           MR. BUSCH:  Yes, Your Honor.

6           The maximum penalties the Court can impose

7   include imprisonment for a period not to exceed five

8   years as to each of Counts 1, 2, and 21 for a

9   maximum period of 15 years; a fine not to exceed --

10          THE COURT:  Fifteen years?  Go ahead.

11          MR. BUSCH:  Yes, Your Honor.  That would

12  be the maximum statutory penalty that this defendant

13  faces by pleading to these three particular counts

14  in the indictment.

15          THE COURT:  Okay.  Okay.

16          MR. BUSCH:  A fine not to exceed $250,000

17  or twice any pecuniary gain to the defendant or loss

18  to the victims as to each of the three counts; a

19  term of supervised release of not more than three

20  years as to each count, which may be mandatory and

21  will follow any term of imprisonment.  If the

22  defendant violates the conditions of supervised

23  release, the defendant could be in prison for the

24  entire term of supervised release; a mandatory

25  special assessment of $100 as to each count for a

29

```
 1   total of $300; any restitution to the victims or to
 2   the community, which is mandatory under the law, and
 3   which the defendant agrees may include restitution
 4   arising from all relevant conduct, not limited to
 5   that arising from the offense of conviction alone;
 6   costs of incarceration and supervision; and
 7   forfeiture of property.
 8           THE COURT:  Now, you heard it again,
 9   Mr. Faulkner.  Did you hear all of the punishment
10   you are looking at by pleading guilty to this
11   offense?
12           THE DEFENDANT:  Yes, Your Honor.
13           THE COURT:  Do you understand you could
14   get the full 15 years?  Do you understand that?
15           THE DEFENDANT:  Yes, Your Honor.
16           THE COURT:  And all the other things he
17   just said.
18           THE DEFENDANT:  Yes, Your Honor.
19           THE COURT:  Okay.  Do you still wish to
20   persist in this plea?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Mr. Ross?
23           MR. ROSS:  Yes, Your Honor.
24           THE COURT:  Okay.  All right.  Now, I will
25   tell you what -- you know, this is a little bit
```

```
 1   different.  Usually -- normally what happens is they
 2   put together a presentence report.  And they've
 3   already got that together -- are they going to add
 4   to it, Jenelle -- yeah, yeah, you will get a
 5   presentence report.  I don't know how long it will
 6   take, up to three months, but I don't think with you
 7   it will take that long.
 8           You have a -- and you know what this is.
 9   A presentence report is a big report.  It has stuff
10   about your background, your family, any prior
11   convictions and, most importantly, your offense,
12   your role in the offense, any victims of the
13   offense, and all of that together in a presentence
14   report, and then it comes up with a guideline range
15   I think.  Yes.  Is that correct, Mr. Busch?
16           MR. BUSCH:  Yes, Your Honor.
17           THE COURT:  Okay.  Okay.  Do you
18   understand that then I get the report -- you will
19   get it first.  And so you can look at it and object
20   to it and all of that.  And maybe you can object to
21   it twice, but you will get it and the Government
22   will get it.
23           Do you understand that?
24           THE DEFENDANT:  Yes, Your Honor, just like
25   the first time, right?
```

31

```
 1              THE COURT:  Right.  Right.  Right.  Right.
 2   And then I will decide what the punishment will be,
 3   I and I alone.  So if somebody wants five years or
 4   if somebody wants 10 years or somebody wants 15
 5   years, it doesn't matter.  I mean, it may be -- we
 6   start with the guideline range, whatever it is.  And
 7   then I go from that, and if I have reasons to go
 8   from that, I will go way up, up to 15, you
 9   understand?
10              THE DEFENDANT:  Yes.
11              THE COURT:  And I, alone, decide that with
12   no objections -- I mean, I will listen to objections
13   from the defense or the prosecution, you know, once
14   I've made up my mind.  Do you understand that?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  Okay.  It will be my decision
17   and my decision alone.
18              THE DEFENDANT:  We will have a chance to
19   address the Court prior to that.
20              THE COURT:  Oh, yes, you will have a
21   chance to address me, and I will listen to what you
22   say, and I will base my decision on the presentence
23   report and on what you say at sentencing.  Do you
24   understand that?
25              THE DEFENDANT:  Yes, Your Honor.
```

32

```
 1              THE COURT:  Okay.  But otherwise, you
 2    know, I and I, alone, will make the final decision.
 3              Do you understand that?
 4              THE DEFENDANT:  I understand, yes.
 5              THE COURT:  No help from your attorney.
 6              THE DEFENDANT:  Right.
 7              THE COURT:  And no help from the
 8    Government.
 9              THE DEFENDANT:  Right.  You're the judge,
10    Your Honor.
11              THE COURT:  Okay.  I want to make sure you
12    understand that.
13              THE DEFENDANT:  I do.
14              THE COURT:  Okay.  Understanding that, do
15    you still wish to enter in this plea?
16              THE DEFENDANT:  I do.
17              THE COURT:  Okay.  Mr. Ross, do you agree
18    with that?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  Okay.  Okay.  Mr. Faulkner,
21    would you like to talk separately with your attorney
22    before we go any further?
23              THE DEFENDANT:  I don't know if I have
24    reason to at this point.
25              THE COURT:  Well, why don't you do it just
```

33

```
1    for a few minutes and just make sure, all right,
2    because we're going to close up pretty soon.  All
3    right?
4              THE DEFENDANT:  Okay.  Sure.  He can call
5    me.
6              THE COURT:  Okay.
7              THE DEFENDANT:  I'm on mute.
8              (Recess taken.)
9              THE DEFENDANT:  Okay, I'm back.
10             THE COURT:  Then, Mr. Faulkner, now that I
11   have informed you of your rights and the possible
12   consequences of pleading guilty, how do you plead to
13   the indictment -- is it the indictment, Mr. Busch?
14             MR. BUSCH:  Yes, Your Honor.
15             THE COURT:  Have you --
16             MR. BUSCH:  I'm sorry, Your Honor, Counts
17   1, 2 and 21 of the indictment.
18             THE COURT:  How do you plead to Counts 1,
19   2 and 21 of the indictment, guilty or not guilty?
20             THE DEFENDANT:  Guilty, Your Honor.
21             THE COURT:  Okay.  Now, before I can
22   accept your plea, I have to make sure that you agree
23   to the facts that occurred that underlie your plea.
24   So that's the factual resume.
25             Do you have that in front of you?
```

34

```
 1            THE DEFENDANT:  Yes, Your Honor.
 2            THE COURT:  All right.  I want you to
 3  spend some time, say three minutes or so, and look
 4  over the entire factual resume again.
 5            (Pause in the proceedings.)
 6            THE COURT:  Especially the stipulated
 7  facts.
 8            THE DEFENDANT:  Okay, Your Honor.
 9            THE COURT:  All right.  Okay.  Do you
10  agree with what this document says front to back,
11  paragraph by paragraph?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  You can have the full factual
14  resume read to you here in open court, or you can
15  waive that right.  It's up to you.
16            THE DEFENDANT:  In the interest of time, I
17  will waive it being read in open court.
18            THE COURT:  No, no.  If you want it read,
19  you can have it read.
20            THE DEFENDANT:  I understand.  No, I've
21  read it.
22            THE COURT:  Mr. Ross, do you agree with
23  that?
24            MR. ROSS:  I do, Your Honor.  We have gone
25  over it, and I would concur with waiving.
```

```
 1            THE COURT:  Okay.  Did you look over it
 2    carefully with your attorney, too?
 3            THE DEFENDANT:  I did.
 4            THE COURT:  All right.  All right.  Did
 5    you sign the last page, Mr. Faulkner?
 6            THE DEFENDANT:  I did.
 7            THE COURT:  Did you, Mr. Ross?
 8            MR. ROSS:  I did, Your Honor.
 9            THE COURT:  Okay.  Let's get the essential
10    elements of the offense.
11            Mr. Busch.
12            MR. BUSCH:  Yes, Your Honor.  For Counts 1
13    and 2 of the superseding indictment, those charging
14    securities fraud violations and aiding and abetting,
15    the Government must prove each of the following
16    elements beyond a reasonable doubt:
17            First:  That in the offering or sale of
18    the securities described in the superseding
19    indictment, that is fractional undivided interests
20    in oil and gas rights, the defendant did any one or
21    more of the following:
22            One:  Employed a device, scheme, or
23    artifice to defraud; or, two, obtained money or
24    property by means of untrue statements of material
25    facts or failure to state material facts likewise
```

```
 1   said, under the circumstances, misleading; three,

 2   engaged in an act, practice or course of business

 3   that operated, or would operate, as a fraud or

 4   deceit upon a purchaser;

 5            Second:  That the defendant acted

 6   knowingly, willfully and with the intent to defraud;

 7            Third:  That the defendant used, or caused

 8   to be used, the mails, or any means or instruments

 9   of transportation or communication in interstate

10   commerce, in furtherance of the scheme.

11            The elements of aiding and abetting, a

12   violation of 18 U.S.C. Section 2, are as follows:

13            First:  The offense of securities fraud

14   was committed by some person;

15            Second:  That the defendant associated

16   with the criminal venture;

17            Third:  That the defendant purposely

18   participated in the criminal venture;

19            Fourth:  That the defendant sought by

20   action to make that venture successful.

21            Now, in order for the Government to prove

22   the offense alleged in Count 22 (sic), charging tax

23   evasion, 26 U.S.C. 7201, the Government must prove

24   each of the elements beyond a reasonable doubt:

25            First:  That there exists a substantial
```

 1   tax deficiency owed by the defendant to the Internal

 2   Revenue Service as charged;

 3          Second:  That the defendant committed at

 4   least one affirmative act to evade or defeat

 5   assessment or payment of the income taxes owed.  An

 6   affirmative act includes any conduct the likely

 7   effect of which would be to mislead or conceal; and

 8          Third:  That the defendant acted

 9   willfully, that is, the law imposed a duty upon the

10   defendant, and the defendant knew of that duty, and

11   the defendant voluntarily and intentionally violated

12   that duty.

13          THE COURT:  Okay.  Thank you.

14          Mr. Faulkner, did you --

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  -- hear all of the elements of

17   your offenses just read by Mr. Busch?

18          THE DEFENDANT:  I did.

19          THE COURT:  Okay.  Do you admit on your

20   oath in open court that you committed each of these

21   offenses with those essential elements included when

22   you committed this offense?

23          THE DEFENDANT:  I do.

24          THE COURT:  Okay.  All right.  Mr. Ross,

25   do you agree with that?

38

```
 1              MR. ROSS:  Your Honor, I do.  Just one

 2   point of clarification.  I believe that when

 3   Mr. Busch was reading the charge for tax evasion, he

 4   stated "Count 22."  It's actually Count 21, just for

 5   purposes of the record.

 6              THE COURT:  Mr. Busch, you agree with

 7   that?

 8              MR. BUSCH:  Yes, Your Honor, and I

 9   apologize for the mistake.

10              THE COURT:  Mr. Faulkner, I'm about to

11   close here.

12              Is there anything you want to say to me,

13   ask me or ask your attorney?

14              THE DEFENDANT:  Not at this time, Your

15   Honor, no.

16              THE COURT:  Okay.  And Mr. Ross, do you

17   want to say anything?

18              MR. ROSS:  No, Your Honor.

19              THE COURT:  Mr. Busch?

20              MR. BUSCH:  No, Your Honor.  Thank you.

21              THE COURT:  Okay.  I find that the

22   defendant is fully competent and capable of entering

23   an informed plea; that he is aware of the nature of

24   the charges against him and the consequences of his

25   plea; that his plea of guilty is knowing and
```

1  voluntary, supported by an independent basis in fact

2  containing each of the essential elements of the

3  offense.

4          His plea is therefore accepted, and it is

5  ordered and adjudged that the defendant is guilty of

6  the offenses charged in Count 1, 2 and 21.

7          All right.  Now, we will have the

8  sentencing, and the sentencing date is -- when is

9  that?  Hold on -- April 1, 2021; April 1 of 2021.

10          The presentence report is due on or before

11  February 25th; that's February 25th.

12          Everything else is in the imaged docket

13  sheet, which you all have access to.

14          Is there anything else before we adjourn?

15          Mr. Busch?

16          THE DEFENDANT:  No, Your Honor.

17          MR. BUSCH:  Not from the Government, Your

18  Honor.

19          THE COURT:  And Mr. Ross?

20          MR. ROSS:  Nothing further, Your Honor.

21          THE COURT:  Mr. Faulkner?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Okay.  Thank you all very

24  much.  We will be in recess.

25          (Court in recess.)

```
 1                    C E R T I F I C A T E

 2           I, Shawnie Archuleta, CCR/CRR, certify

 3    that the foregoing is a transcript from the record

 4    of the proceedings in the foregoing entitled matter.

 5           I further certify that the transcript fees

 6    format comply with those prescribed by the Court and

 7    the Judicial Conference of the United States.

 8           This 12th day of January 2022.

 9

10

11                        s/Shawnie Archuleta
                          Shawnie Archuleta CCR No. 7533
12                        Official Court Reporter
                          The Northern District of Texas
13                        Dallas Division

14

15

16    My CSR license expires:  December 31, 2022

17    Business address:  1100 Commerce Street
                         Dallas, TX  75242
18    Telephone Number:  214.753.2747

19

20

21

22

23

24

25
```

SHAWNIE ARCHULETA, CSR/CRR
FEDERAL COURT REPORTER - 214.753.2747